IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON D. DEVERS,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>DOUGLAS COUNTY DISTRICT COURT,<br><br>　　　　　Respondent. | 8:18CV345<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on initial review of Petitioner Jason D. Devers' ("Devers") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing No. 1.) For the reasons discussed below, the court will dismiss Devers' petition without prejudice.

## I. BACKGROUND

Devers is a state pretrial detainee confined at the Douglas County Correctional Center in Omaha, Nebraska. Devers challenges his "arrest and [the] failure to investigate" in the Douglas County District Court case "18-667." (Filing No. 1 at CM/ECF p. 2.) Devers' state case records, available to this court on-line, show that Devers is charged with murder in the first degree, use of a firearm to commit a felony, and possession of a weapon by a prohibited person, and his case is set for jury trial in March 2019. The court takes judicial notice of the state court records related to this case in *State v. Devers*, No. CR18-667, District Court of

---

[1] The court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Devers alleges violations of his due process and Fourth Amendment rights based on the lack of investigation and evidence to support his arrest and the criminal charges against him. Devers seeks dismissal of all his pending criminal charges.

## II. DISCUSSION

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Devers is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Devers may challenge the propriety of any searches or seizures and the sufficiency of the evidence against him in state court prior to or at trial. The court further finds that Devers' assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*,

*Braden*, *supra* (speedy trial rights); *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (double jeopardy). Because it "plainly appears from the petition . . . that [Devers] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the court will dismiss Devers' petition without prejudice.

### III. CERTIFICATE OF APPEALABILITY

Because "the detention complained of arises from process issued by a state court," Devers must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Devers is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 29th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge