IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON D. DEVERS, | |
| Petitioner, | 8:18CV345 |
| vs. | |
| DOUGLAS COUNTY DISTRICT COURT, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Jason D. Devers' ("Devers") "Brief to Writ of Habeas Corpus" (filing no. 6), which has been docketed as a motion to reconsider. On November 29, 2018, I dismissed Devers' petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (filing no. 1) without prejudice, concluding that abstention was appropriate given the absence of any special or extraordinary circumstances that would warrant federal intervention in Devers' pending state criminal action. (*See* Filing No. 4; Filing No. 5.) On December 6, 2018, Devers filed the present "motion" consisting of a brief and what appears to be an amended § 2241 petition, both of which are dated November 27, 2018. (Filing No. 6.)

Because Devers' "motion" predates the court's judgment dismissing his habeas petition, it seems clear that Devers intended to file an amended § 2241 habeas petition. In the proposed amended petition, Devers claims his Sixth Amendment rights to speedy trial and effective assistance of counsel have been violated. Devers seeks to have his state charges dismissed and his court-appointed counsel reprimanded. (Filing No. 6 at CM/ECF p. 10.) As this matter is now closed, Devers may not now file an amended petition nor did he properly seek leave of court to do so. *See* Fed. R. Civ. P. 15(a)(2).

Liberally construing Devers' brief and amended petition as a motion for reconsideration, Devers has not asserted any grounds that would warrant federal habeas relief prior to the conclusion of his pending state criminal action. A federal district court may consider a pretrial detainee's habeas petition which alleges a speedy trial violation when the requested relief is an immediate trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (permitting defendant to raise speedy trial challenge to ongoing state criminal action where he did not seek at the time to litigate a federal defense to the charge, "but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trials"). "Where, however, the petitioner seeks to dismiss the state criminal charges on grounds that he was not afforded a speedy trial, such a claim is dispositive and may only be exhausted by presentment at the state trial." *Moore v. United States*, 875 F. Supp. 620, 623 n.4 (D. Neb. 1994) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). *See also Amos v. Outlaw*, No. 2:07CV00109JLH-JFF, 2007 WL 3102198, at *4 (E.D. Ark. Oct. 23, 2007) ("When a petitioner asserts a violation of his right to a speedy trial and seeks dismissal of the charges against him, he must wait to file a federal habeas corpus petition until after his state trial has been completed and the case has been concluded in the state courts.").

In his brief and amended § 2241 petition, Devers alleges his court-appointed public defender sought and received a continuance of Devers' December 3, 2018 trial date without authorization from Devers. By doing so, Devers claims his counsel and the trial court violated his Sixth and Fourteenth Amendment rights to a speedy trial and seeks a "full discharge of the [a]lleged charges against him since the state has failed to prosecute." (Filing No. 6 at CM/ECF pp. 1, 9.) Devers alleges that his trial date has been pushed back to March 2019. (*Id*. at CM/ECF p. 9.) Thus, this is not a situation where the State has failed to institute any criminal proceedings against Devers, nor does Devers seek an immediate trial on his pending charges. Because Devers seeks dismissal of his pending state criminal charges, he must first exhaust his speedy trial claim in the state courts before

seeking federal habeas relief. Accordingly, to the extent Devers seeks reconsideration of the court's judgment dismissing his habeas petition without prejudice, his motion is denied.

IT IS ORDERED that Petitioner's "Brief to Writ of Habeas Corpus" ([filing no. 6](#)), which the court construes as a motion for reconsideration, is denied.

Dated this 17th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge